UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOHAMMED KEITA, and SEAVIEW GROUP LLC,

                Plaintiffs,

-against-

FORD, also known as FORD/LINCOLN PROTECT HEADQUARTERS,

                Defendants.

23-CV-2755 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mohammed Keita, of Staten Island, New York, brings this *pro se* action on behalf of himself and Seaview Group LLC,[1] invoking the Court's diversity of citizenship jurisdiction, against "Ford also known as Ford/Lincoln Protect Headquarters." Plaintiff alleges "violations of Statutory Rights violation of Deceptive Business Practices, Federal Truth in Lending Disclosure Act, and Goodfaith Estimate Violation Act, and FTC Law."[2] (ECF No. 2 at 2.) For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

---

[1] [1]Mohammed Keita and Seaview Group LLC. are listed as Plaintiffs in the caption of the complaint, which is signed only by Mohammed Keita. Corporations, partnerships, and limited liability companies may not appear without counsel. *See Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007) ("[W]e hold that a sole member limited liability company must be represented by counsel to appear in federal court."); *Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20, 22 (2d Cir. 1983) (noting that a corporation cannot proceed *pro se*). Moreover, as a *pro se* litigant, Keita cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Accordingly, Keita may not appear *pro se* on behalf of Seaview Group LLC.

[2] The Court quotes the complaint verbatim. All spelling, punctuation and grammar are as in the original.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that he resides in Staten Island, New York, and that Defendant is located in Dearborn, Michigan. Plaintiff further alleges that the events giving rise to his claims occurred at a Ford dealership in Brooklyn, Kings County, New York, which lies within the Eastern District of New York.[3] Thus, under Section 1391(b)(2), the United States District Court for the Eastern District of New York is a proper venue for this action. There are no allegations in the complaint suggesting that this court is a proper venue for Plaintiff's claims.[4]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

---

[3] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn), (3) Queens (New York City Borough of Queens), (3) Richmond (New York City Borough of Staten Island), (4) Nassau, and (5) Suffolk. 28 U.S.C. § 112(c).

[4] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan), (2) Bronx (New York City Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

2

it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges that his claims arose in Brooklyn, which is in the Eastern District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

So far this year, Plaintiff has filed three other actions in this court that were transferred to the United States District Court for the Eastern District of New York. *See Keita v. Nerdrez,* ECF 1:23-CV-2103, 3 (S.D.N.Y. Mar. 21, 2023); *Keita v. The Bank of New York Mellon.*, ECF 1:23-CV-1504, 3 (S.D.N.Y. Mar. 1, 2023); *Keita v. State Farm Ins..*, ECF 1:23-CV-0658, 4 (S.D.N.Y. Jan. 27, 2023). Plaintiff has also filed two actions in the Eastern District of New York, both of which are pending. *See, e.g., Keita v. Liberty Mutual Ins. Co.*, No. 23-CV-0062 (E.D.N.Y. filed Jan. 3, 2023); *Keita v. FCA US LLC*, No. 23-CV-0124 (E.D.N.Y. filed Jan. 3, 2023).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 3, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                          Chief United States District Judge